IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CAREY WAYNE PEDEN                                                                 PETITIONER

v.                              CASE NO. 3:16-cv-00332 DPM-JTK

POINSETT COUNTY JAIL                                                             RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United

    States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Before the Court is the Petition for Writ of Habeas Corpus filed by Carey Wayne Peden on November 25, 2016, attacking his pretrial detention in the Poinsett County Jail.[1] (DE #1).

Petitioner states that he is detained in the Poinsett County Jail in violation of the Sixth Amendment. According to Petitioner, he was incarcerated on December 23, 2014, "habeas corpused released 2-28-15," and incarcerated again on August 1, 2016 with "no case # - no lawyer[.]" (DE #1, at 6-7).

For the reasons discussed below, the Court recommends that the Petition be dismissed

---

[1] Petitioner filed the same or similar habeas petition on September 12, 2016. *See Peden v. Kindall*, Case No. 3:16-cv-00236 DPM-JTK.

without prejudice.[2]  *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of a habeas petition on a preliminary review if "it plainly appears from the petition . . . that the petitioner is not entitled to relief[.]"

## Discussion

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), "thereby affording those courts the first opportunity to address and correct" alleged violations of a prisoner's federal constitutional rights.  *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011).  State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

The exhaustion requirement applies to § 2241 habeas petitions challenging a pending state criminal prosecution.  *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution).  Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner.  *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent

---

[2]The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily that omission would have prompted the Court to hold Petitioner's submission in abeyance until he paid the proper filing fee or applied for leave to proceed *in forma pauperis*. However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed herein and addressing the fee issue would only delay the inevitable dismissal of this action.

extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures. Thus, this habeas action should be dismissed, without prejudice.

## Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus (DE #1) be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.

SO ORDERED this 9th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE